# JAMESON *v.* ELLSWORTH.

PATENTS; INTERFERENCE; ORIGINALITY; MASTER AND SERVANT; PRESUMP-
TIONS; BURDEN OF PROOF.

1. The presumption of inventorship in favor of an employer as against an
   employee will not attach, unless it is shown that the employee was
   engaged in perfecting the device under the general directions of the
   employer, or that at least, the broad idea of the invention was dis-
   closed to the employee by the employer. (Citing *Soley* v. *Hebbard*,
   5 App. D. C. 99.)

2. In an interference proceeding involving the question of originality, the
   burden of proof rests on the junior applicant.

No. 832. Patent Appeals. Submitted January 21, 1913. Decided March
10, 1913.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. George R. Hamlin* and *Mr. Herman A. Phillips* for the
appellant.

*Mr. George E. Kirk* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal by Joseph Jameson and Frank Yesbera
from the decision of the Commissioner of Patents in an inter-
ference proceeding. The invention in issue is described by the
Commissioner in his opinion as follows: "The invention in
issue relates to improvements in tables in which the top of the
table is supported upon a central pedestal, the frame for the
top of the table comprising arms extending from the pedestal

and designed to support brackets on which seats are pivotally mounted in such a manner as to be capable of movement beneath the table." The issue is defined in seven counts, the following, however, being sufficient to illustrate the invention for the purposes of this appeal:

"A table comprising a supporting pedestal, arms extending from and carried by said pedestal, downwardly hung seat brackets pivoted to and carried by said arms to swing horizontally, seats mounted on said brackets and rigid therewith, and a table top supported by said arms, said top forming an overhanging portion under which said seats may move."

The question in this case is solely one of originality. Appellant Yesbera, one of the junior applicants, is the president and owner of practically all of the stock of the Yesbera Manufacturing Company, while appellant Jameson, the other junior applicant, is a foreman in the employ of said company. Appellee, Edward C. R. Ellsworth, the senior party, was general manager of the company at the time of the conception and reduction to practice of the invention in issue in the spring of 1908, but left the employ of the company in the early part of July, 1909.

This case turns chiefly upon the testimony of the parties in interest. Appellant Yesbera testified that while examining a magazine devoted to the subject of soda dispensing and its accessories, he came across the advertisement of a table of a character similar to the one before us, but which differed from the present construction in that it had four legs, one at each corner; that the idea came to him of greatly improving this by the substitution of a central pedestal; that he then called in appellee, and disclosed to him his idea; and that they then took the matter up with appellant Jameson, who worked out the details, especially those relating to the manner of securing the curved side arms to the table frame, and reduced the invention to practice. Appellee, on the other hand, claims that he first conceived the invention and imparted the idea to appellant Yesbera, and that appellant Jameson did no more than supply the mechanical skill necessary to produce the completed construction. Appel-

lant Jameson corroborates appellant Yesbera as to the working out of the details by himself, but his testimony as to the conception of the general idea of the use of the central pedestal fails absolutely to throw any light upon this question. On this point he testified: "Mr. Yesbera and Mr. Ellsworth both came into the cabinet department, and asked me to work out a rough sketch, gave me their ideas of what they wanted." On cross-examination, replying to the question, "State if you know whose conception the base and the central column or pedestal was?" said, "The center column, I don't recollect who approached me in regard to that, as both Mr. Yesbera and Mr. Ellsworth were present when they broached the subject in regard to making this table."

Counsel for appellants contend that, inasmuch as the relation of employer and employee existed between appellant Yesbera and appellee, under the decisions of this court the presumption of inventorship is in favor of the employer. Before this rule may be invoked, however, it must appear that the employee was engaged in perfecting a device under the general directions of the employer. Appellee was the general manager of the company, and had acted in that capacity for a number of years. He was not employed for the purpose of perfecting this or any other invention. Hence, it must affirmatively be shown that, at least, the broad idea was disclosed to appellee by appellant Yesbera before the presumption will attach. Until this condition is presented, the burden of proof remains on appellants, the junior parties. *Soley* v. *Hebbard,* 5 App. D. C. 99.

Since, on this point, the testimony of appellant Jameson is uncorroborative, the case resolves itself into a question of veracity between appellee and appellant Yesbera. Appellee testified that appellant Yesbera recognized him as the inventor of the table in question in the presence of two witnesses. This was denied by one of the witnesses, who was called by appellee. The other witness was not called by either party. Hence, it is doubtful if this particular recognition ever took place. There are, however, several circumstances which weaken the effect of the testimony offered on behalf of appellants. It does not ap-

pear that appellants made any effort to patent the invention, except by the statement of appellant Yesbera that he probably instructed appellee to look after the filing of an application, until they filed the application here in controversy on December 13, 1909, a year and a half after conception, and five months subsequent to the time appellee severed his connection with the company and to the date (July 27, 1909) of the issuance of a design patent to appellee disclosing this invention. In the meantime, and before appellee left the employ of Yesbera, tables embodying the subject-matter of the issue had been made and sold by the company. The inference that appellee was regarded as the inventor is further strengthened by the fact that appellant Yesbera admitted on cross-examination, that, as a compliment to appellee, in consideration of the interest which he had shown in the development of the improved table, he would permit him to be a party to the application. Appellant Yesbera had been engaged in the manufacturing business for sixteen years, and, while this statement is not controlling as an admission of inventorship on the part of appellee, since appellant Yesbera is not shown to have been conversant with the patent laws, yet it is proper to regard it as a circumstance in deciding the question whether appellants have overcome the burden placed upon them. "That an employer may assume that he may allot the brain work of his employees as he pleases, and take out in the name of one a patent for an invention which he knows to have been made by another, because it may in some way suit his convenience so to do, is an assumption that must be repudiated by the common sense of mankind." *Ibid.*

Appellee, in further support of his claim that he was recognized as the inventor, testified that "after the Newcomer tables were sold and delivered, in 1908, they proved so satisfactory that Mr. Yesbera desired to add them to the line, and discussed with me paying me 50 cents royalty, and later desired me to secure a patent." Appellant Yesbera attempts to explain this statement in the following words: "No matter how much wages Mr. Ellsworth received, he never was satisfied, he always wanted more, and I told Mr. Ellsworth one day, per-

haps more than once, that if he would put forth effort and push this new table, and increase the sale of the Yesbera Manufacturing Company to the extent that it would be justified in paying him greater wages, I should be glad to pay them. And as a means of satisfying him, I said that if he could swell the sale of these tables, I would be justified in allowing him 50 cents apiece, but not as royalty, only as a bid for his efforts to procure greater amount of business for the Yesbera Manufacturing Company." This explanation is not so convincing as to overcome the burden placed upon appellants, when considered in connection with the fact that the business of the company was not devoted alone to the manufacture of these tables, but extended also to combination tables, store tools, oilcloth racks, showcases, metal furniture, and telephone booths, which, at least, raises the question as to why the increased compensation should be restricted to the sale of these tables, if appellee had no greater interest in their manufacture than that ordinarily possessed by a general manager.

Considering the testimony as a whole, we are of opinion that the appellants have failed to overcome the burden placed upon them as junior parties. The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                    *Affirmed.*